# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **FIRSTBANK,** | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | Case 4:21-cv-449 |
| | § | |
| **TZK INVESTMENTS, LLC,** | § | |
| | § | |
| defendant. | § | |

## ORIGINAL COMPLAINT

FirstBank sues TZK Investments, LLC as follows:

### I.   PARTIES & SERVICE

1. FirstBank is a Tennessee Corporation with its principal place of business in Nashville, Tennessee. FirstBank hereby makes an appearance in this case and may be served with all pleadings through its counsel of record, Michael J. McKleroy, Jr., Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, Texas 75201.

2. TZK Investments is a Florida limited liability company with its principal place of business in Frisco, Texas. TZK's members are Darin Batchelder and Tiffany Batchelder, both of whom are Texas citizens. No member of TZK is a Tennessee citizen. TZK may be served through its registered agent, Darin Batchelder, 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034 or wherever he may be found.

### II.   VENUE & JURISDICTION

3. This court has diversity jurisdiction over this action. FirstBank is a citizen of Tennessee and TZK is a citizen of Texas. The amount in controversy exceeds $75,000.

4. This court has personal jurisdiction over TZK. The agreement at issue "shall be construed and enforced in accordance with the laws of the State of Texas" and "exclusive jurisdiction and venue shall be in federal and state courts sitting in Collin County, State of Texas." Further, TZK has had sufficient contacts with this state and those contacts give rise to the claims asserted herein such that TZK has purposefully availed itself to the benefits and protections of the laws of Texas and the exercise of personal jurisdiction over TZK will not deprive it of due process or offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district because the agreement at issue provides "exclusive jurisdiction and venue shall be in federal and state courts sitting in Collin County, State of Texas." Further, a substantial part of the events or omissions giving rise to FirstBank's claims occurred in this district and those contacts gave rise to or resulted in its causes of action, and/or because TZK is subject to personal jurisdiction in this district. 28 USC § 1391(b)(1), (2) and (3).

### III.   STATEMENT OF RELEVANT FACTS

6. On or about May 12, 2011, TZK purportedly entered into a "brokerage agreement" with an entity named Franklin Synergy Bank (**purported brokerage agreement**). A true and correct copy of the purported brokerage agreement is attached as **exhibit 1**.

7. Pursuant to the purported brokerage agreement, Franklin Synergy agreed to pay TZK a commission on the sale of "certain residential mortgage loans on a flow and/or bulk basis" to any "broker contact" TZK "introduced" to Franklin Synergy.

8. TZK claims it introduced an entity named Capitol Federal Savings Bank to Franklin Synergy. Beyond this alleged introduction, it is unknown what other services, if any, TZK provided to Franklin Synergy pursuant to the purported brokerage agreement.

9. Upon information and belief, Franklin Synergy paid TZK approximately $750,000 in commissions for mortgage loans it sold to Capitol Federal since May 12, 2011.

10. On August 15, 2020, Franklin Synergy merged into FirstBank.

11. Following the merger, FirstBank sold mortgage loans to Capitol Federal.

12. From the date of the merger through December 31, 2020, a former employee of Franklin Synergy now working for FirstBank, Jim Pitts, approved the payment of commissions to TZK totaling approximately $41,500 without FirstBank's knowledge or consent.

13. Following Jim Pitts' separation from FirstBank, FirstBank discovered the existence of the purported brokerage agreement.

14. On March 16, 2021, FirstBank notified TZK it was terminating the purported brokerage agreement effective immediately.

15. On April 1, 2021, TZK notified FirstBank it expects FirstBank to pay it commissions for mortgage loans sold to Capitol Federal after January 1, 2021 and to continue paying commissions on mortgage loans sold to Capitol Federal in perpetuity.

16. TZK has not provided any services to FirstBank.

17. Out of an abundance of caution, FirstBank tendered $93,918 to TZK, which represents the commissions which would have been owed under the purported brokerage agreement for mortgage loans sold to Capitol Federal from January 1, 2021 to March 16, 2021.

18. FirstBank has performed all conditions precedent to recovery or those conditions have been waived or excused by the words, actions and/or inactions of TZK.

### IV.   CAUSES OF ACTION

19. FirstBank hereby incorporates each of the paragraphs set forth above and for causes of action against TZK further shows the following:

A.      **First cause of action:  request for declaratory judgment.**

20.     FirstBank seeks relief pursuant to the Declaratory Judgment Act, 28 USC §§ 2201-2202, to declare the rights, statuses, and legal relationships of FirstBank and TZK with respect to the purported brokerage agreement.

21.     An actual controversy exists between FirstBank and TZK regarding FirstBank's rights, duties and obligations under the purported brokerage agreement, if any, and a declaratory judgment is required to clarify and settle the parties' respective rights, statuses, and legal relationships in and to the purported brokerage agreement, and to provide relief from the existing uncertainty and insecurity caused by the controversy.

22.     FirstBank requests a declaration the purported brokerage agreement was terminated on March 16, 2021.  The brokerage agreement has an indefinite duration.  Perpetual contracts are not favored and are presumed terminable at will.  *Fluorine on Call, Ltd. v. Fluorogas Limited*, 380 F.3d 849, 855 (5th Cir. 2004) ("Under Texas law, when a contract 'contemplate[s] continuing performance (or successive performances) and . . . [is] indefinite in duration,' it may be terminated at the will of either party.") (quoting *Trient Partners I, Ltd. v. Blockbuster Entm't Corp.*, 83 F.3d 704, 708 (5th Cir. 1996) (citations omitted)).

23.     To the extent the purported brokerage agreement was ever valid, it was in existence for nearly ten years and TZK has been paid nearly $900,000.  FirstBank requests a declaration a reasonable duration for the purported brokerage agreement has long since passed, and FirstBank owes no obligation to pay commissions pursuant to the purported brokerage agreement after March 16, 2021.  *Trient*, 83 F.3d at 711.

24.     FirstBank further requests any further relief which may be necessary and proper to carry out the requested declarations.

25. FirstBank further requests its attorneys' fees and costs of court pursuant to the purported brokerage agreement.

## V. PRAYER

WHEREFORE, premises considered, FirstBank respectfully requests this court enter a judgment declaring the purported brokerage agreement was terminated as of March 16, 2021, a reasonable duration for the purported brokerage agreement expired prior to March 16, 2021, and FirstBank owes no obligation to TZK pursuant to the purported brokerage agreement.  FirstBank further requests a judgment for its attorneys' fees and costs of court and for any and all other relief to which FirstBank may show itself entitled.

Date: June 14, 2021                             Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Michael J. McKleroy, Jr.*
                                                Michael J. McKleroy, Jr., SBN: 24000095
                                                michael.mckleroy@akerman.com
                                                 --*Attorney in Charge*
                                                C. Charles Townsend, SBN: 24028053
                                                charles.townsend@akerman.com
                                                R. Martin Dungan; SBN: 24099021
                                                martin.dungan@akerman.com
                                                AKERMAN LLP
                                                2001 Ross Avenue, Suite 3600
                                                Dallas, Texas 75201
                                                Telephone: 214.720.4300
                                                Facsimile:  214.981.9339

                                                **ATTORNEYS FOR FIRSTBANK**